**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASARCO LLC, | No. 18-35713 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-00283-EJL |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, a Utah corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted July 9, 2019
Seattle, Washington

Before: WATFORD and MILLER, Circuit Judges, and ROTHSTEIN,[**] District Judge.

ASARCO LLC brought this action against Union Pacific Railroad Company

under section 113(f) of the Comprehensive Environmental Response,

Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9613(f), seeking

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

contribution for cleanup costs at the Coeur d'Alene Superfund Site. Following a bench trial, the district court entered judgment in favor of Union Pacific, concluding that (1) Asarco did not meet its burden under section 113(f) to show that it paid more than its proportionate share of cleanup costs and (2) Asarco released its claim through a settlement agreement with Union Pacific. Asarco now appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm because the agreement released Asarco's claim. We therefore need not address the district court's alternative holding based on section 113(f).

In the settlement agreement, which the parties agree is governed by Texas law, Asarco agreed to release "any and all damages, losses, expenses, costs, liabilities, claims, demands, suits, causes of action, and complaints, of any kind, character or description, in law or in equity, whether known or unknown, arising out of or in any way connected with . . . Remaining Sites Costs." The agreement defined "Remaining Sites Costs" to include "claims for contribution and indemnity for past and future costs of response under CERCLA incurred by [Union Pacific] at" the Coeur d'Alene Superfund Site.

Previously, on appeal from the district court's dismissal of this action under Federal Rule of Civil Procedure 12(b)(6), we considered whether the agreement's plain language released Asarco's claim. *ASARCO LLC v. Union Pac. R.R. Co.*, 765 F.3d 999 (9th Cir. 2014). We determined that the agreement was ambiguous. *Id.* at

2

1009. Emphasizing that the agreement refers to costs "incurred by" Union Pacific, we explained that it could be read to mean "that Asarco's contribution claim against Union Pacific is released because the claim is broadly related to CERCLA response costs incurred by Union Pacific," but it "could also plausibly mean that Asarco's contribution claim against Union Pacific is reserved, not released, because the claim only relates to response costs incurred by Asarco." *Id.* We concluded that "interpretation of the agreement presents a fact issue that cannot be resolved on a motion to dismiss," and we remanded so the district court could consider "evidence of the surrounding circumstances." *Id.* (citation omitted); *see David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450–51 (Tex. 2008) (in construing an ambiguous contract, courts may consider extrinsic evidence to determine the parties' intent).

On remand, the district court conducted a 13-day bench trial during which the parties presented testimonial and documentary evidence, including extrinsic evidence of the parties' intent. The court found that "Union Pacific's interpretation of the contract is the most reasonable in this case given the communications between the parties and circumstances at the time."

"The intent of the parties at the time a contract is executed is a question of fact for the trial court," and "[i]n a nonjury trial, the court's findings of fact will not be disturbed unless found to be clearly erroneous." *In re U.S. Fin. Sec. Litig.,*

729 F.2d 628, 632 (9th Cir. 1984) (internal quotations and citation omitted). Here, the record reveals no clear error in the district court's finding.

Asarco objects that the district court based its conclusion, in part, on the language of the settlement agreement. According to Asarco, the district court erred because it concluded, contrary to this court's mandate, that "the language is sufficiently clear to be interpreted without extrinsic evidence." But the district court did no such thing. To the contrary, the district court carefully considered the extrinsic evidence presented at trial, including emails and letters between the parties during negotiations, and it evaluated conflicting witness testimony.

The record supports the district court's finding. To be sure, the evidence did not show that the parties specifically considered whether the release would cover this particular claim. But under Texas law, a valid release need not "anticipate and identify each potential cause of action relating to the release's subject matter," and it "may encompass unknown claims." *Keck, Mahin & Cate v. Nat. Union Fire Ins. Co.*, 20 S.W.3d 692, 698 (Tex. 2000). And the district court identified evidence showing that the parties intended a global resolution of all claims between them, a resolution that Asarco's interpretation would frustrate.

For example, during the negotiation of the agreement, Asarco's attorney sent a letter to Union Pacific's attorney, stating that "Asarco is prepared to resolve all claims between it and [Union Pacific]," including claims related to the "Coeur

4

d'Alene and Bunker Hill Idaho Sites" and subject to "mutual releases." The same attorney later emailed Union Pacific's attorney, stating that she was seeking "to get [Union Pacific] a comprehensive offer on all issues." Further, the district court appropriately considered Asarco's failure to disclose its CERCLA contribution claim against Union Pacific in a draft plan of bankruptcy reorganization after it executed the settlement agreement. *See Henshaw v. Tex. Nat. Res. Found.*, 216 S.W.2d 566, 570 (Tex. 1949) (courts may consider a party's post-contract performance as evidence of its intent).

Asarco notes that it presented evidence that might have supported a contrary conclusion. But "[c]lear error is not demonstrated by pointing to conflicting evidence in the record." *United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1991).

**AFFIRMED**.